IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SHERMAN P. HAWKINS,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID PENTLAND, SGT. RAWSON, and LEONARD MIHELICH,<br><br>Defendants. | CV 14-00069-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Plaintiff Sherman Hawkins has filed a Complaint alleging that he was denied due process in violation of the Fourteenth Amendment to the United States Constitution because he was not provided adequate notice of disciplinary charges against him. (Complaint, Doc. 1.) As Mr. Hawkins is a prisoner, the Court must review his Complaint under 28 U.S.C. § 1915A. The Complaint fails to state a claim upon which relief may be granted and is frivolous, and it should be dismissed.

## I. JURISDICTION AND VENUE

Mr. Hawkins filed this action in federal court, in the Helena Division of the District of Montana. (Complaint, Doc. 1.) Venue is proper, as he is incarcerated in and alleges wrongs committed in Powell County, Montana. Local Rule 3.2(b)(3). The Court has personal jurisdiction over the parties, all of whom are found in

1

Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint attempts to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case is assigned to Hon. Dana Christensen, Chief United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1); Doc. 4.

## II. STATEMENT OF CASE

### A. Parties

Mr. Hawkins is a prisoner proceeding without counsel. He is incarcerated at Montana State Prison. The named Defendants are David Pentland, Sgt. Rawson, and Leonard Michelich. (Complaint, Doc. 1 at 10.)

### B. Factual Background

On October 23, 2013, Mr. Hawkins was working in the laundry room when a fight broke out between two other inmates. Mr. Hawkins was not involved in the fight, but he and another laundry worker cleaned up blood left on the floor after the fight. While Mr. Hawkins was mopping up the blood, Sgt. Rawson entered the laundry room and told Mr. Hawkins to finish cleaning up the blood.
That evening, Mr. Hawkins told a lieutenant about cleaning up the blood, and the lieutenant told Mr. Hawkins that was fine. However, later that evening, Mr. Hawkins was arrested. Sgt. Rawson explained that he had been ordered by

"higher-ups" to arrest Mr. Hawkins and give him a write-up. Sgt. Rawson charged Mr. Hawkins in a Disciplinary Infraction Report/Notice of Hearing with "4220–obstructing, hindering, impeding an investigation." (Complaint, Doc. 1 at 8, ¶ 10.)[1] The report stated that Mr. Hawkins cleaned up the blood after the fight.

On October 28, 2013, Disciplinary Hearings Officer David Pentland conducted a disciplinary hearing on this infraction. Mr. Hawkins prepared a statement for the hearing outlining the events, and he pleaded not guilty to the alleged infraction. Mr. Hawkins was the only witness who appeared at the hearing. Mr. Hawkins presented his written statement and gave an oral statement specifically denying obstructing, impeding, or hindering staff in any fashion when he cleaned up the blood after the fight with staff consent. Officer Pentland found Mr. Hawkins guilty of "4220 obstructed staff." (Complaint, Doc. 1 at 9, ¶ 14.) The evidence relied upon by Officer Pentland was Sgt. Rawson's infraction report, Mr. Hawkins statement, and a video of the incident. (Complaint, Doc. 1 at 9, ¶ 15.)

Mr. Hawkins filed a disciplinary appeal, arguing there was no evidence to

---

[1]The list of Major Rule Infractions attached to MSP Policy 3.4.1–Institutional Discipline (February 2014) lists Rule Infraction 4220 as "Obstructing, hindering, impeding staff or excessive horseplay." http://www.cor.mt.gov/Resources/Policy/mspprocedures.mcpx (accessed March 18, 2015).

3

support the guilty finding. Associate Warden Leonard Michelich summarily affirmed the guilty finding, stating "the evidence supports the decision." Mr. Hawkins contends that Michelich also converted the infraction to "4220 hindering staff" without notice or an opportunity to defend.

As a result of this disciplinary write-up, Mr. Hawkins lost his work assignment as a laundry worker, lost his single cell, and was given five days in isolation confinement. In addition, Mr. Hawkins alleges his parole consideration was deferred for three years based primarily on the disciplinary decision.[2] (Complaint, Doc. 1 at 12.)

### III.  28 U.S.C. § 1915A REVIEW

Because Mr. Hawkins is a prisoner, the Court reviews his Complaint under 28 U.S.C. § 1915A. Section 1915A(b) allows a court to dismiss a pro se prisoner's complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

---

[2]The October 2013 Final Decision of the Montana Board of Pardons and Parole gave the following disposition: "Parole denied. Reappear before 10-2016 Bd. The Bd does not believe a parole without a gradual release process (such as pre-release) is appropriate in this case nor is it in the best interest of community safety. If the current write-up is dismissed through the appeal process, request a case review. The Bd no longer supports pre-release due to recent conduct issues and repeated denials by all pre-release centers."

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is malicious if not pleaded in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(e) ("Pleadings must be construed as to do justice.").

## IV. ANALYSIS

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To state a claim for a due process violation, a plaintiff must allege that: (1) he had a protected liberty interest, and (2) he was deprived of that interest without adequate due process. If there is no liberty

5

interest at stake, the Constitution does not require any process, and the second element becomes irrelevant. *Meachum v. Fano*, 427 U.S. 215, 223-24 (1976); *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972); *Erickson v. United States*, 67 F.3d 858, 861 (9th Cir. 1995).

In the prison setting, a liberty interest is recognized and protected only if state officials or employees take actions that either: (1) affect the sentence imposed in an unexpected manner, or (2) impose a hardship that is atypical and significant in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Mr. Hawkins has not met the threshold requirement for showing a liberty interest. Mr. Hawkins is serving a life sentence for deliberate homicide. *See Hawkins v. State*, OP 14-0537 (Mont. S.Ct. Sept. 10, 2014). "Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose." *Meachum*, 427 U.S. at 225. Consequently, placement in any part of a Montana prison would not affect Mr. Hawkins's sentence in an unexpected manner.

Mr. Hawkins argues the disciplinary charges affected his chances of receiving parole, but the effect of Mr. Hawkins's discipline on his parole prospects was "too attenuated" to establish a liberty interest. *Sandin*, 515 U.S. at 487. Based

6

upon the Parole Board's disposition set forth above, the disciplinary write-up was not the only basis for the denial of Mr. Hawkins' parole. It is pure speculation to suggest that Mr. Hawkins' parole would have been granted if he had not received this disciplinary write-up. The first prong of the *Sandin* test for a liberty interest is not met.

The second prong of the *Sandin* test also is not met. Whether a hardship is "atypical and significant" depends on three factors:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (citing *Sandin*, 515 U.S. at 486-87). As a result of Mr. Hawkins's disciplinary hearings, he lost his job, was placed in isolation confinement for five days, and lost his single cell. The loss of certain privileges such as employment and a single cell and placement in isolation confinement for five days is not an atypical or significant hardship compared to placement in protective custody. *Sandin*, 115 S.Ct. at 2301 (30 days disciplinary segregation not "atypical" where no evidence that difference from other kinds of segregation); *c.f. Wilkinson v. Austin*, 545 U.S. 209 (2005) (placement in a supermax prison where

7

inmates were deprived of almost all human contact for an indefinite period of time and lost their parole eligibility gave rise to a liberty interest).

Mr. Hawkins has not alleged sufficient facts to show he had a liberty interest in avoiding the discipline he received. It is therefore irrelevant whether he received adequate due process protections because he was not constitutionally entitled to due process.

Even if Mr. Hawkins were entitled to due process, he received all the process that was due. An inmate subject to disciplinary sanctions that can impact a protected liberty interest must be afforded: (1) 24–hour advanced notice of the charge(s) against him; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the action; (3) an opportunity to call witnesses and present documentary evidence; (4) assistance at the hearing if he is illiterate or if the matter is complex; and, (5) an impartial fact finder. *Wolff v. McDonnell*, 418 U.S. 539, 563–72 (1974).

The Due Process Clause requirements are satisfied if "some evidence" supports the decision of the disciplinary tribunal. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 456–57 (1985). Under that standard, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455. The standard is

"minimally stringent." *Cato v. Rushen*, 824 F .2d 703, 705 (9th Cir. 1987). It only requires "any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* (*quoting Hill*, 472 U.S. at 455–456, emphasis added in *Cato*). The "some evidence standard" does not require a court to examine the entire disciplinary record, perform an independent assessment of credibility of witnesses, or re-weigh the evidence. *Hill*, 472 U.S. at 455.

Here, Mr. Hawkins received notice of the charges against him. Although each officer stated the charges somewhat differently, Mr. Hawkins had notice that he had obstructed, impeded, and/or hindered a staff investigation. The number of the rule infraction was clearly noted on the write-up, the hearing decision, and the appeal decision. There is no allegation that Mr. Hawkins was denied a written statement of the decision, an opportunity to be heard, or that the fact finder was not impartial.

Further, there appears to be at least some evidence supporting the decision because Mr. Hawkins admitted that he cleaned up the blood. The fact that Defendants construed the cleaning up of the blood as a rule violation is within the purview of the prison officials. The Court will not interfere in that decision.

## V. CONCLUSION

## A. Leave to Amend

28 U.S.C. § 1915A requires a court to dismiss a complaint for failure to state a claim, but it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). A court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

The finding that Mr. Hawkins has failed to state a due process claim cannot be cured by the allegation of additional facts. The Complaint should be dismissed.

## B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states

in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. As such, no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

### C. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a

claim. 28 U.S.C. § 1915(g).

"Frivolous" filings are those that are "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc). The finding that Mr. Hawkins was not entitled to and was not denied due process is supported by the record.

The dismissal of this case should constitute a strike under 28 U.S.C. § 1915(g).

**D. Address Changes**

At all times during the pendency of this action, Mr. Hawkins must immediately advise the Court of any change of address and its effective date. The notice shall contain only information pertaining to the change of address and its effective date, except if he has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Hawkins's Complaint (Doc. 1) should be **DISMISSED**.

2. The Clerk of Court should be directed to close this matter and enter

judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

      3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

      4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Hawkins failed to state a claim upon which relief may be granted and his claims are frivolous.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Hawkins may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[3] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

---

[3]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

DATED this 23rd day of March, 2015.

                                            /s/ John Johnston
                                           John Johnston
                                           United States Magistrate Judge