FILED

JUL 2 1 2015

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SHERMAN P. HAWKINS,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID PENTLAND, SGT. RAWSON, and LEONARD MIHELICH,<br><br>Defendants. | CV 14-69-H-DLC-JTJ<br><br><br><br>ORDER |

United States Magistrate Judge John T. Johnston entered his Findings and Recommendation on March 23, 2015 recommending that Hawkins' Complaint be dismissed. Hawkins objected to the Findings and Recommendation on April 13, 2015 and so the Court will conduct *de novo* review of the record. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has

been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Since the parties are familiar with the facts of this case, they will only be repeated below as necessary to explain the Court's order. For the reasons listed below, the Court adopts Judge Johnston's Findings and Recommendation in full.

Hawkins filed this action alleging his Fourteenth Amendment right to due process was violated because he was not provided adequate notice of the disciplinary charges made against him. To state a claim for a Fourteenth Amendment due process violation, Hawkins must allege he had a protected liberty interest and that he was deprived of that interest without adequate due process. *Meachum v. Fano*, 427 U.S. 215 223 (1976). A prisoner's liberty interest is only recognized and protected if state officials or employees that actions affecting the sentence imposed in an unexpected manner or impose an atypical and significant hardship on the inmate with relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Hawkins objects to Judge Johnston's finding that he failed to meet the threshold requirement for showing a liberty interest. First, confinement in any part of a Montana prison would not affect Hawkins' sentence in an unexpected manner. *Meachum*, 427 U.S. at 225. Second, the Parole Board based their denial

of Hawkins' parole on more than the disciplinary write-up. Hawkins has failed to allege any facts showing that his write-up affected his sentence in an unexpected manner. Further, Hawkins alleges that as a result of his disciplinary hearings he lost his job, was placed in isolation for five days, and lost his single cell. The loss of these privileges is not an atypical or significant hardship compared to placement in protective custody. *Sandin*, 515 U.S. at 486-487.

Hawkins further objects that his hearing was unfair and that his right to due process was denied when the Parole Board relied solely on his write-up to deny his parole. As stated above, and as Judge Johnston found, the Parole Board relied on more than Hawkins' disciplinary write-up, including input from criminal justice authorities, historical institutional misconduct, repeated denials by all pre-release centers, and the interests of community safety. (Doc. 7-1 at 9.)

Hawkins also objects that there was no evidence to support the disciplinary board's decision. The Due Process Clause requires some evidence in support of the disciplinary tribunal's decision. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 456-457 (1985). The minimally stringent standard asks only whether there is any evidence in the record that could support the disciplinary board's decision. *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). In this case, Hawkins admits to cleaning up blood, the conduct underlying the disciplinary

charges. Further, the disciplinary board relied on a video of the incident. This is sufficient evidence to support the prison officials' determination that there was a rule violation.

In his objections, Hawkins adds that he was unable to call witnesses at his disciplinary hearing. However, Hawkins readily admitted to the behavior underlying his write-up, as discussed above. Any witness testimony would simply have corroborated the events he admitted to. Further, even if Hawkins had not received the write-up, and his parole was then granted, that speculation is too attenuated to establish a liberty interest. *Sandin*, 515 U.S. at 487.

There being no clear error in Judge Johnston's remaining Findings and Recommendation,

IT IS ORDERED that Judge Johnston's Findings and Recommendation (Doc. 6) are ADOPTED IN FULL. Hawkins' Complaint (Doc. 1) is DISMISSED.

IT IS FURTHER ORDERED that the Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the docket shall reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

IT IS FURTHER ORDERED that the docket shall reflect that this dismissal

counts as a strike pursuant to 28 U.S.C. § 1915(g).

DATED this 21st day of July, 2015.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court